### No. 61

### PAYNE, Dir. Gen., v. HIGHWAY CONST. CO.

Ohio Appeals, 9th Dist., Lorain County
No. 244. Decided Oct. 4, 1923,

991. RAILROADS—Construction of term "specially designated public delivery track," under demurrage rules in force.

Funk, Pardee and Washburn, JJ.

PER CURIAM.

#### Epitomized Opinion

First Publication of this Opinion

Payne brought this action in Lorain Common Pleas to recover demurrage charges claimed to have accrued on cars consigned to the Highway Construction Co. The track and

right of way in question was owned by the Railroad Company. It extended from Massillon to a coal mine, and at the point in question it was used for unloading purposes by patrons of the railroad. The Construction Co. arranged with the railroad to have an unloader constructed to unload cars shipped to it. It was provided that the unloader should be confined to one side of the track so as not to interfere with other patrons.

The sole question presented was whether this track was a specially designated public delivery track under the demurrage rules then in force. If so, the Railroad Company had no right to have the case submitted to the jury as requisite notice to the Construction Co. had not been given.

The trial court directed a verdict in favor of the Construction Co. Under the rules, a private track was defined as one outside of carrier's right of way, yard and terminal, and of which carrier does not own either the rails, ties, roadbed or right of way, or a track or portion of a track which is devoted to the purposes of its user either by lease or written agreement. In affirming the judgment, the Court of Appeals held:

The track and right of way was owned by the Railroad Co. There was no evidence of any lease or written agreement. It therefore was not a private track; it was a specially designated public delivery track.

*Attorneys* — H. C. Johnson, Elyria, for Payne; Fauver and Cheney, Elyria, for Highway Conctruction Co.